## In re GRAND JURY PROCEEDINGS.

### Appeal of Barry P. WILSON.

### No. 85–1116.

United States Court of Appeals,
First Circuit.

Heard April 3, 1985.

Decided April 24, 1985.

Carol A. Donovan, Boston, Mass., with whom Norman S. Zalkind and Zalkind & Sheketoff, Boston, Mass., were on brief, for appellant.

James E. O'Neil, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., and James H. Leavey, Asst. U.S. Atty., Providence, R.I., were on brief, for U.S.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

In granting the government's motion to compel attorney Barry P. Wilson to answer questions before a grand jury, the district court, in a careful opinion, ruled that all but one of the questions that Wilson declined to answer fell outside the scope of the attorney-client privilege. On appeal, Wilson does not urge that the district court erred in its application of the law of privilege as it is presently understood. Rather,

Wilson urges us to hold that, notwithstanding the absence of the attorney-client privilege, the district court abused its discretion in compelling Wilson to answer. Wilson would apparently also have us interpret the fifth and sixth amendments so as to allow a claim of privilege by an attorney whenever a client could refuse to answer on the basis of his privilege against self-incrimination were he asked the same question.

We hold that the district court did not abuse its discretion in requiring Wilson to answer. Certainly Wilson derives no help from our recent decision in *In re Grand Jury Matters,* 751 F.2d 13 (1st Cir. 1984). We emphasized there that in the absence of some recognized privilege, courts should normally enforce subpoenas that sufficiently meet standards of specificity, timeliness, etc. *Id.* at 18. To be sure, we held that the judge's oversight authority under Fed.R.Crim.P. 17 was broad enough to allow him to refuse to enforce the subpoenas in that case "at the particular moment" when the subpoenaed attorneys were engaged in defending clients in a state criminal trial. *Id.* Various unique factors existed in that situation, however, including the absence of any showing by the government of an urgent need for the information at the precise time in question, *id.* at 19, and the district court's explicit finding that the government was engaged in "harassment" of defense counsel.

Here comparable factors do not exist, and the district court, which we said in *In re Grand Jury* is owed "much deference" in these matters, *id.* at 16, ordered that the questions be answered. Wilson had voluntarily acted as a reference for the individual about whom particulars are now being sought. And Wilson was not a defense attorney in an ongoing criminal case but had merely served in a landlord-tenant matter. This is not in any way to suggest that were Wilson acting as a criminal defense counsel, he could for that reason alone refuse to answer unprivileged questions put by the grand jury. *Id.* at 19. But the fact that Wilson was not so serving is yet a further reason for rejecting his claim that the district court abused its discretion in requiring him to answer. It also vitiates the force of any argument that the sixth amendment, which grants a right to counsel in "criminal prosecutions," extends the scope of the attorney-client privilege to cover the communications at issue here.

Appellant's argument from his client's fifth amendment privilege against self-incrimination is no more persuasive than his argument based upon the sixth amendment. The Supreme Court long ago concluded that

> the privilege "was never intended to permit [a person] to plead the fact that some third person might be incriminated by his testimony, even though he were the agent of such person.... [T]he Amendment is limited to a person who shall be compelled in any criminal case to be a witness against *himself.*" (Emphasis in original.)

*Fisher v. United States,* 425 U.S. 391, 398, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1976) (quoting *Hale v. Henkel,* 201 U.S. 43, 69–70, 26 S.Ct. 370, 377, 50 L.Ed. 652 (1906)); *see also Fisher,* 425 U.S. at 402, 96 S.Ct. at 1576 ("[C]ompelled production of documents from an attorney does not implicate whatever Fifth Amendment privilege the taxpayer may have enjoyed from being compelled to produce them himself.").

*Affirmed.*